UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

    v.

JAMAR JARVIS

No. 19 CR 420

Honorable Matthew J. Kennelly

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully files its Consolidated Motions in Limine and states as follows.

## BACKGROUND

The government alleges that, on October 18, 2018, defendant, JAMAR JARVIS and others, carjacked a woman in Chicago, Illinois while the defendant brandished a firearm during the carjacking.

In light of their criminal conduct, on May 14, 2019, JAMAR JARVIS and others were charged by indictment with the following three counts relevant to the upcoming trial[1]:

1. Beginning in or around October 17, 2018 and continuing until on or about October 18, 2018, defendant, conspiring with others, with intent to cause serious bodily harm, did take a motor vehicle which had been transported, shipped, and received in interstate commerce from the presence of another person by force, violence, and intimidation, in violation of 18 U.S.C. § 2119;[2]

---

[1] The three co-defendants in this case have pled guilty. The government is only including the charges relevant to Jamar Jarvis and the upcoming trial.

[2] The government has informed defense counsel that, at trial, it will not proceed on Count 1 of the indictment. With this motion in limine, the government moves to dismiss Count One of the indictment against Jamar Jarvis.

2. On or about October 18, 2018, with intent to cause death or serious bodily harm, defendant did take a motor vehicle, namely a 2006 Lexus RX400H, that had been transported, shipped, and received in interstate commerce from the presence of Victim B by force, violence, and intimidation, in violation of 18 U.S.C. § 2119 and 2; and

3. Using, carrying and brandishing a firearm during the aforementioned carjacking, in violation of 18 U.S.C. §§ 924(c)(1)(A).

Trial is scheduled to begin June 29, 2021.

## I. MOTION TO ADMIT DEFENDANT'S POST-ARREST STATEMENT AND RECORDED TELEPHONE CALLS INTO EVIDENCE AS A STATEMENT OF A PARTY-OPPONENT

The government intends to introduce the defendant's post arrest statement to a detective with the Chicago Police Department and portions of two calls from defendant (while he was incarcerated in Cook County Jail) to his father, John Jarvis, in its case-in-chief. In the defendant's post arrest statement, he admitted that he was at the scene of the carjacking and got into the car. In those portions of the statements on the phone calls, defendant admitted that he didn't have to go along with the others but did so because "they didn't know how to do it" and because he "was too thirsty." Additionally, in response to defendant's father's question of, "Did you have it?" the defendant answered "Yeah." The government intends to call the victim of the carjacking, who has previously identified the defendant as being one of the five carjackers at the scene and the person that pointed the firearm at her while they took the keys to her vehicle. Defendant's statements to the Chicago Police Department detective that he was at the scene of the carjacking and got into the car and his statements to his father that he willingly went along with the crime and had the firearm are evidence of defendant's participation in the crime and are therefore

clearly admissible under Rules 401, 403, and 801(d)(2)(A) as a relevant statement of the opposing party.

To be relevant, evidence does not have to dispose of the ultimate issue in a case; it need only advance the inquiry. *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006). In this case, the contested issue is whether the defendant, with intent to cause death or serious bodily harm, took a vehicle from the presence of the victim by force violence, and intimidation.

For example, here, defendant's statements to the Chicago Police Department and to his dad are relevant as to whether (1) the defendant was present, (2) the defendant knowingly participated in the carjacking, and (3) whether the defendant was armed with the firearm and had the requisite intent in committing the carjacking, among other reasons. The statements are relevant.

Additionally, statements of a party opponent are not hearsay and are therefore admissible under Federal Rules of Evidence Rule 801(d)(2)(A). The statements need not be inculpatory, as they are here. The Seventh Circuit has recognized, "[P]arty admissions need not be inculpatory or against interests." *United States v. Reed*, 227 F.3d 763, 770 (7th Cir. 2000); *United States v. McGee*, 189 F.3d 626, 631–32 (7th Cir. 1999). There are only two requirements for admissibility under Rule 801(d)(2)(A): "a statement was made by a party, and the statement was offered against that party." *Binns*, 712 F.3d at 1129 (citing *United States v. Matlock*, 415 U.S. 164, 172 (1974) and *United States v. Penaloza*, 648 F.3d 539, 547 (7th Cir.2011)). Here, the government will prove that the statements were made by the defendant and will offer

them into evidence against the defendant. That is all that is necessary. The statements the government seeks to introduce in its case-in-chief are both relevant and admissible.

## II. MOTION TO BAR EVIDENCE OR ARGUMENT RELATED TO PENALTIES FACED BY DEFENDANT

The government respectfully moves this Court to preclude defendant from introducing evidence, making argument about, or otherwise mentioning the potential penalties faced by defendant, if convicted.

The Seventh Circuit has unequivocally held that "arguing punishment to a jury is taboo." *See e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *vacated in part on other grounds*, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("[T]he sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court.").

Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 114 S.Ct. 2419, 2224 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"). Furthermore, mention of the potential penalties faced by defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible

sentencing is prejudicial."); *United States v. Patterson*, No. 95 CR 242, 1996 WL 54237, at \*1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

Accordingly, any evidence or argument related to the potential penalties faced by defendant, if convicted, whether he invokes a specific reference to years or months of imprisonment, or general arguments and statements regarding the defendant's loss of liberty or freedom such as "the defendant is on trial for his life" or "the defendant's freedom hangs on the outcome of the jury's decision," should be prohibited.

## III. MOTION TO BAR FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION

The government respectfully moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir. 2012) (district court properly excluded evidence because, among other reasons, it had the potential to invite nullification); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citing *United States v. Kerley*, 838

F.2d 932, 938 (7th Cir. 1988), and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)); *see also, United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath").

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that defendant may seek to interject into this trial, the government notes at least the following common examples of jury nullification.

## A.    Claims of Selective or Vindictive Prosecution

The government seeks to bar any evidence or claims of an improper prosecution, such as selective or vindictive prosecution. These claims provide no defense to the criminal charges, and are not relevant to the merits of the charge.

As the Supreme Court has plainly stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute,

6

and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Accordingly, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").

Because claims of alleged misconduct on the part of the prosecutor or investigating agents are irrelevant to the merits of criminal cases, suggesting to the jury that alleged misconduct provides a basis for acquittal is an invitation for the jury to nullify. Because such allegations are irrelevant to the jury's decision, and serve no purpose other than to distract the jury from legally relevant matters, they merely invite the jury to acquit the defendant without regard to admissible evidence. To the extent defendant wishes to raise these issues, he must raise them with the Court, not the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial).

To date, defendant has filed no pretrial motions claiming selective or vindictive prosecution, the only proper way of resolving such a claim. Accordingly, evidence and argument at trial related to these issues, in any form, should be barred by the Court as an attempt at jury nullification.

## B.      Argument or Evidence of "Outrageous Government Conduct"

Similar to arguments related to selective prosecution, the Court should preclude any evidence or argument related to so-called "outrageous government conduct." The Seventh Circuit repeatedly has held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citation omitted).

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (internal citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 90 CR 1044, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *see also United States v. Finley*, 708 F. Supp. 906, 913-14 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Boender*, No. 09 CR 186-1, 2010 WL 811296, at *3 (N.D. Ill. March 3, 2010) ("The Seventh Circuit does not recognize an outrageous government conduct defense: the

doctrine is more than moribund—it is stillborn because it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine.").

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. One, the "outrageous government conduct" argument affords no defense to a criminal prosecution as a matter of law. *See United States v. Sherman*, 268 F.3d 539, 549-550 (7th Cir. 2001) (providing "defense of outrageous government conduct does not exist in this circuit"); *see also United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). The Seventh Circuit in *Boyd* held that "outrageous government conduct" is no defense to a criminal charge, and thus the jury should not be exposed to these irrelevant allegations. *Id.* Two, even before the *Boyd* decision, the Seventh Circuit held that the issue of government misconduct was a matter of law for determination by the court: "[T]he issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question).

Accordingly, the government moves to bar the defense from introducing evidence or argument of outrageous government conduct. Should defendant plan to elicit evidence or argue during his opening statement or closing argument that the government's conduct was somehow outrageous, wrong, or inappropriate—whether with respect to this particular investigation and prosecution, or that law enforcement and prosecutors, more generally, are somehow acting in an outrageous or inappropriate manner when executing their professional duties—the government

9

contends that he must first address the matter to the Court beforehand because it is a matter for the Court, and not the jury, to decide. *See United States v. Bontkowski*, 865 F.2d 129, 132 (7th Cir. 1989) (providing that, if the outrageous government conduct defense exists, "it is for the trial court, not the jury, to decide whether government conduct is so outrageous that due process bars the use of the judicial system to obtain a conviction.").

## C. Argument or Questioning about the Motivation for Investigating or Prosecuting this Case

The government moves to preclude evidence or argument by the defense regarding the government's and the investigating agencies' motivations for prosecuting the case, including subjective motivations of the officers and agents. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *Johnson*, 605 F.2d at 1030; *see also United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). Inquiries regarding the subjective intentions or motivations of a government agent are irrelevant when making the factual determination of a defendant's guilt or innocence. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case").

10

Accordingly, the government moves to preclude evidence or argument by the defense regarding the government's and the investigating agencies' subjective motivations for investigating or prosecuting the instant case.

## IV. MOTION TO PRECLUDE REQUESTS FOR OR COMMENTARY CONCERNING DISCOVERY IN THE PRESENCE OF THE JURY

The government respectfully moves this Court to preclude defendant from requesting discovery, moving the Court for discovery, or otherwise commenting on discovery matters in the presence of the jury. Addressing discovery issues in front of the jury is inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. Discovery requests by defendants, if appropriate, can easily be made to the government or the Court outside the presence of the jury with no prejudice to either side. See, e.g., *United States v. Gray*, No. 07 CR 166, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) (granting government's motion to preclude the defense from requesting or commenting on discovery in the presence of the jury).

## V. MOTION TO PRECLUDE ARGUMENT EXPLAINING OR DEFINING REASONABLE DOUBT

The government respectfully moves this Court to preclude defense counsel from explaining or defining reasonable doubt. Reasonable doubt is a term that should not be defined by the parties. *See, e.g.*, *United States v. Hatfield*, 590 F.3d 945, 949 (7th Cir. 2010); *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term [reasonable doubt]"). Although defendant may argue that the government bears the burden of proving his guilt beyond a reasonable doubt, the parties should not be

11

permitted to define that term for the jury. *United States v. Glass*, 846 F.2d 386, 386 (7th Cir. 1988) ("Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define 'reasonable doubt.'*") (emphasis in original); *see also* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 1.04.

## VI. MOTION TO PRECLUDE ARGUMENT ABOUT MISSING WITNESSES

It is within the Court's discretion to prohibit argument by either side concerning missing witnesses not under the control of either side. *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). "The reasons for not calling witnesses are so many and so complex—from . . . concern about the witness's appearance and demeanor to concern about the content of the testimony to a belief that the witness would invoke the privilege against self-incrimination—that a full exploration could take the trial far afield." *Id.* "[W]hen the witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992). "The traditional position, limiting comment by judge or counsel to a witness under the control of the adverse party . . . is sound." *Id.* Therefore, the government requests that the Court prohibit defendant from introducing evidence about or arguing that any relevant inference can be drawn from the fact that additional witnesses did not testify.

Alternatively, if the Court allows defendant to introduce evidence or make any such argument regarding missing witnesses, the government seeks permission to respond to this argument appropriately. As the Seventh Circuit has held, ordinarily,

a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by pointing out that the defense has the same subpoena power as the government. *Sblendorio*, 830 F.2d at 1392-93.

## VII.  MOTION TO PRECLUDE THE "GOLDEN RULE" ARGUMENT

The government respectfully moves this Court to preclude defendant from making a so-called "Golden Rule" appeal, *i.e.*, that the jury should place itself in his shoes. The Seventh Circuit held such arguments to be improper in *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989). *Teslim* involved an improper "Golden Rule" argument by the government. More recently, however, the Seventh Circuit held in *United States v. Roman*, 492 F.3d 803 (7th Cir. 2007), that "Golden Rule" arguments by the defense are equally objectionable. According to the court, "a 'Golden Rule' appeal in which the jury is asked to put itself in a defendant's position 'is universally recognized as improper because it encourages the jury to depart from the [position of] neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Id.* (quoting *Teslim*, 869 F.2d at 328); *see also, Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Defendant should therefore be precluded from making such an argument to the jury.

## VIII.  MOTION TO PRECLUDE ANY ARGUMENT OR EVIDENCE RELATING TO ALIBI OR UNAVAILABILITY, MENTAL DEFECT, OR PUBLIC AUTHORITY

Under the Federal Rules of Criminal Procedure, a defendant is required to provide the government with notice of: (1) any alibi or similar defense, including any defense asserting the defendant's unavailability on or near the dates named in the indictment (Rule 12.1); (2) any defense of a mental defect inconsistent with the state

of mind required for the offense charged (Rule 12.2); and (3) any defense of public authority (Rule 12.3). Because defendant has not notified the government of his intent to raise any of these defenses, the government requests that they be prohibited from introducing evidence or argument of such defenses at trial.

## IX. MOTION TO PRECLUDE ARGUMENT OR EVIDENCE OF LAWFULNESS

The government respectfully moves this Court to preclude defendant from presenting evidence of, or making reference to, lawfulness, non-corrupt conduct, or prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with Federal Rule of Evidence 405(a).[3]

Defendant may seek to admit evidence that, on prior occasions, they acted in a lawful manner. He may further argue that, because he previously performed good acts, he could not have committed the charged offenses. "Evidence that a defendant acted lawfully on other occasions is generally inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012); *see also United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence … through proof of the absence of criminal acts on specific occasions."); *United States v. Johnson*, No. 08 CR 466, 2011 WL 809194, at *4 (N.D.

---

[3] Even evidence offered under Rule 405(a) cannot include specific instances of good conduct. Rather, such evidence is limited to a description of the subject's reputation or a brief statement of opinion. *See* Fed. R. Evid. 405, Advisory Committee Notes (stating that "testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.,* be confined to the nature and extent of observation and acquaintance upon which the opinion is based.").

Ill. Mar. 2, 2011) ("[E]vidence of specific lawful acts of defendants is not properly introduced to show that defendants did not have the requisite intent to commit the crimes charged"). Thus, any evidence or argument regarding defendant's alleged prior good acts or non-corrupt behavior should be excluded.

### CONCLUSION

WHEREFORE, the government respectfully requests that this Court grant its Consolidated Motions in Limine. In addition, the government requests leave of Court to file additional motions in limine, should the need arise as the parties continue to prepare for trial.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:     *s/ Albert Berry III*
ALBERT BERRY III
MICHELLE KRAMER
Assistant United States Attorneys
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated: June 9, 2021

15